UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Deborah Laufer,

        Plaintiff,

v.

SURF HOTEL INVESTMENTS LLC, a Foreign Limited Liability Corporation,

        Defendant.

Case No.: 1:20−cv−05364

Honorable Thomas M. Durkin

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

**I.    INTRODUCTION**

Plaintiff Deborah Laufer ("Plaintiff") initiated this case against Defendant Surf Hotel Investments LLC, a Foreign Limited Liability Corporation ("Defendant" or "Surf") as one of over **500[1] nearly identical ADA lawsuits** filed across the country. Defendant owns and/or operates the Willows Hotel located in Chicago, Illinois. Courts have taken notice of Plaintiff filing these identical cases **despite lacking subject matter jurisdiction and standing**. Plaintiff is a resident of Florida and never alleges that she visited the state of Illinois, the hotel in question *or* has any intent to visit Illinois or the Willows Hotel. There is no concrete harm or risk of immediate future harm.

To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which, if proven true, state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, Plaintiff fails to do so in her Complaint and this Court should grant

---

[1] *See* Affidavit of Kenneth D. Walsh in Support of Motion to Dismiss, Exhibit A.

1

Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6).[2]

## II. BACKGROUND

On September 10, 2020, Plaintiff commenced this action against Defendant seeking injunctive relief and attorneys' fees for alleged violations of the Americans with Disabilities Act ("ADA"). In her Complaint, Plaintiff alleges that she is a resident of Pasco County, Florida. *See* Walsh Aff. Ex. B ("Compl."), at ¶ 1. At no point in her Complaint does Plaintiff allege that she has visited Illinois or the Willows Hotel or that she has any intention to do so in the future.

Rather, Plaintiff alleges that she "qualifies as an individual with disabilities as defined by the ADA" and that she is "a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." *Id.* at ¶¶ 1-2. Plaintiff further alleges that she visited certain websites, including Defendant's booking site and third-party websites such as expedia.com, hotels.com, booking.com, orbitz.com, agoda.com, and trip.com "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)." *Id.* at ¶ 10. Plaintiff alleges that "the online reservations system for The Willows hotel were not compliant with the [applicable] regulations." *Id.* Plaintiff, therefore, seeks attorneys' fees, costs and injunctive relief. *Id.* at ¶¶ 19-20.

Critically, Plaintiff does not allege that she visited the state of Illinois, the city of Chicago, the Subject Property or that she has any plans or intentions of visiting the Subject Property in Illinois. The Complaint does not allege that Plaintiff has any reason or intention to travel anywhere

---

[2] Pursuant to this Court's Individual Rules of Practice, counsel for Defendant sought consent for the relief requested herein, which Plaintiff's counsel denied.

in Illinois or any reason or intention to seek lodging anywhere in or around Chicago. Accordingly, and as described herein, Plaintiff lacks standing to pursue the claims asserted in this action, and her Complaint should be dismissed in its entirety.

### III.     LEGAL ARGUMENT

#### A.     **Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction**

"Article III of the Constitution limits the jurisdiction of the federal courts to actual cases or controversies." *UAW v. Johnson*, 674 F.2d 1195, 1198 (7th Cir. 1982). Accordingly, it is well-settled that the party asserting federal jurisdiction must "carry the burden of establishing standing" as the proper party under Article III. *Hinrichs v. Speaker of the House of Representatives*, 506 F.3d 584, 590 (7th Cir. 2007); *see Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012) ("Plaintiffs—as the party invoking federal jurisdiction—bear the burden to establish standing.").

Moreover, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Craig v. Ont. Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (internal citations omitted); *see also Phoenix Bond & Indem. Co. v. FDIC*, No. 18 C 6897, 2020 U.S. Dist. LEXIS 127395, at *5 n.2 (N.D. Ill. July 20, 2020) (dismissing claim for lack of jurisdiction without affording response from non-moving party and observing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Indeed, "the court itself ha[s] a duty to ascertain the propriety of its jurisdiction" and "[i]f a federal court doubts its jurisdiction, it should address its concerns *sua sponte*." *Mader v. Motorola, Inc.*, 1999 U.S. App. LEXIS 7283, at *5 (7th Cir. Apr. 9, 1999); *see also Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 768 (7th Cir. 2013) ("[I]t is true that questions of

3

subject-matter jurisdiction may be raised at any time, as parties cannot consent to subject-matter jurisdiction; indeed, such questions must be considered by a court *sua sponte*.").

### B. Standing Requires Concrete Harm Among Other Elements

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract." *Id.* Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* at 1549–50 (holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is whether the alleged violations 'entail a degree of risk sufficient to meet the concreteness requirement.'"

*Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020) (quoting *Spokeo*, 136 S. Ct. at 1550).

C. **Injunctive Relief Requires Risk Of Immediate Injury**

To have standing to seek injunctive relief Plaintiff "must show that [she is] under an actual or imminent threat of suffering a concrete and particularized injury in fact; that this injury is fairly traceable to the defendant's conduct; and that it is likely that a favorable judicial decision will prevent or redress the injury." *Common Cause Ind. v. Lawson*, 937 F.3d 944, 949 (7th Cir. 2019) (quoting *Summers v. Earth Island Inst*., 129 S. Ct. 1142 (2009)); *see United Asset Coverage, Inc. v. Avaya Inc.*, 409 F. Supp. 2d 1008, 1041 (N.D. Ill. 2006) ("[A] plaintiff's entitlement to preliminary injunctive relief requires it, in addition to showing that its harm is irreparable, to show that the harm is imminent as well."). Here, Plaintiff fails to satisfy her burden, and she is not entitled to the injunctive relief she seeks for the reasons that follow.

D. **Plaintiff Lacks Standing Because There Is No Concrete Harm**

Plaintiff is a resident of Florida. Compl. ¶ 1. Defendant owns the Willows Hotel – the Subject Property – located in Chicago, Illinois. *Id.* at ¶ 3. There are no facts in the Complaint indicating that Plaintiff has ever traveled to Chicago, Illinois, or anywhere in Illinois or has any plans or intention to do so in the future. Nor does Plaintiff allege that she has stayed at the Willows Hotel or that she has any intention to do so at any time.

Plaintiff alleges that she is a "tester" for purposes of determining compliance with the ADA. Compl. ¶ 2. However, Plaintiff's status as a "tester" is not sufficient to establish subject matter jurisdiction in this action or to confer standing for Plaintiff to assert the claims she asserts herein. *See Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish

5

standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019) ("[W]hile tester status does not defeat standing, it does not automatically confer it either. A tester must still satisfy the elements of standing, including the injury-in-fact requirement.") (internal quotation citation omitted).

Multiple courts have taken notice of these types of spam style ADA lawsuits and have observed that the serial plaintiffs lack the requisite standing. Such courts have dismissed nearly identical cases or filed orders to show cause *sua sponte* regarding whether standing and subject matter jurisdiction exists. For example, the court in *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), involving the same Plaintiff as the case at hand (Laufer), issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing, stating "There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc #15 at p. 7. The court went on to say "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc.*, and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc #15 at p. 9.[3]

Other courts have taken notice of Plaintiff's abuse of litigation as well. For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS

---

[3] This matter is still pending, as the Court has not yet issued a decision on Ms. Laufer's standing, and, in fact, has withheld issuing a finding that the defendant is in default until having the opportunity to do so.

Case: 1:20-cv-05364 Document #: 9 Filed: 11/17/20 Page 7 of 9 PageID #:27

81128 (N.D.N.Y. May 7, 2020), the Court issued an Order on May 7, 2020 noting that "Plaintiff Deborah Laufer, a Florida resident . . . has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.*, Doc # 21 at p. 1. The court went on to find that "There appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* at p. 2 (emphasis added). The court then ordered that Plaintiff file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff Laufer listed in the court's Exhibit A attached to the Order. *Id.* at p. 2. Subsequent to that, the case was dismissed due to settlement. *Id.* Doc # 22, 23. Similarly, the Court here should question Plaintiff's standing, which in fact does not exist.

Likewise, in New Jersey, The Hon. Renee Marie Bumb issued an Order to Show Cause in three similar cases also brought by a serial ADA plaintiff residing in Florida alleging violations on defendant's website reservations system. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 4. The Court's Order in those cases should apply to this case, as the lack of standing in those cases is nearly identical here:

> An examination of the facts alleged in the complaints leads this Court to question whether Plaintiff has established that he has suffered an injury in fact. Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," the complaints do not even plead that Plaintiff, who "resides in Miami,

7

> Florida," has any intention of visiting New Jersey, much less the specific properties identified in the complaints. Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e) and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law."
>
> **Thus, it does not appear that Plaintiff has pled an injury in fact.** In this regard, the Court finds this case analogous to *Murray v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855 (D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'" Id. at *3 (quoting *In re: Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3d Cir. 2016)). In *Murray*, Judge Hillman held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her." *Id*. at *4.
>
> In this case, too, **Plaintiff fails to plead what actual, concrete harm he suffered, or will continue to suffer**, as a result of allegedly being unable to determine whether each property has disability accommodations that meet his needs.

*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4 at p. 4-5 (emphasis added) (internal citations and footnote omitted). The court then ordered that plaintiff show cause "why this case should not be dismissed for lack of Article III standing." *Id*. at p. 6. The defendant subsequently filed a motion to dismiss much like the present motion, and **the court issued an Order granting defendant's motion to dismiss for lack of subject matter jurisdiction**. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 25. The same thing occurred in the second case *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 24. In the third case, plaintiff filed a notice of voluntary dismissal, presumably acknowledging the lack of standing and jurisdiction. *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 5.

8

Here, Plaintiff has alleged no facts that she has ever visited Illinois or the Willows Hotel, or that she has any intention to do so in the future. Accordingly, the case lacks subject matter jurisdiction and the Court should dismiss the Complaint in its entirety.

## IV. CONCLUSION

Plaintiff lacks standing in this case, and it is respectfully submitted that the Court accordingly lacks subject matter jurisdiction. This issue has been thoroughly explored by other courts, including in dozens of cases involving this very Plaintiff, resulting in orders and dismissals for lack of jurisdiction. Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction as well.

Dated: November 17, 2020                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                            By:  */s/ Kenneth D. Walsh*
                                                 One of Its Attorneys

Stephen L. Sitley (ARDC # 6200575)
Kenneth D. Walsh (N.Y. Bar No. 5044086)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Stephen.Sitley@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com

*Attorneys for Defendant*

9