UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Deborah Laufer,

              Plaintiff,

v.

SURF HOTEL INVESTMENTS LLC, a Foreign Limited Liability Corporation,

              Defendant.

Case No.: 1:20−cv−05364

Honorable Thomas M. Durkin

### DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Surf Hotel Investments LLC, a Foreign Limited Liability Corporation ("Surf"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, and by and for its Reply in Further Support of its Motion to Dismiss states as follows:

**A.    Plaintiff's Opposition and Affidavit Fail to Establish Standing**

    1.    <u>Laufer's Affidavit is Not Properly Considered by the Court</u>

As an initial matter, in support of her opposition to Surf's motion to dismiss, Laufer submitted an affidavit claiming, *inter alia*, that she "had and continue[s] to have plans to visit and travel throughout the entire State [of Illinois] as soon as the Covid crisis is over." *See* Dkt. No. 14-1 ("Aff."), at ¶ 5. She further claims that she "intend[s] to revisit this hotel's system as soon as the Covid crisis is over so that [she] can make travel arrangements for [her] trip." *Id.* at ¶ 8. Notably, neither in her Complaint nor in her belated affidavit does Laufer make any assertion that she actually intends to stay at the Willows Hotel. Indeed, the Court in *Laufer v. U.L.S.T., LLC*, 2020 U.S. Dist. LEXIS 206417 (N.D. Ill. Nov. 24, 2020) ("Waterfront") – a case upon which Plaintiff extensively relies in her opposition – specifically held that a substantially identical affidavit was not properly considered in opposition to the defendant's motion to dismiss. Accordingly, in deciding Surf's motion to dismiss, the Court need not give any weight to Laufer's

1

affidavit. However, even if it chooses to do so, for the reasons discussed herein, the affidavit is insufficient to revive Plaintiff's Complaint, as Laufer does not actually allege that she intends to visit or stay at the Willows Hotel.

### 2. The *Laxmi* Case is Instructive

In its motion to dismiss, Defendant noted that many Courts have taken notice of Laufer's "spam style ADA lawsuits," including, among others, the Northern District of New York in a case titled *Laufer v. Laxmi & Sons, LLC*, Case No. 19-CV-1501, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020). In her opposition to Surf's motion to dismiss, Laufer took issue with the *Laxmi* holding, noting that "the Laxmi Court invited the plaintiff to amend her pleadings and indicated what it wanted for her complaint to withstand a standing challenge." Pl.'s Opp'n at 14. While true that the Court in *Laxmi* granted the plaintiff leave to file an amended complaint, this does nothing to revive or resuscitate her claims in this action, and only further demonstrates that her claims in this action should be dismissed. The simple truth is that Courts across the country are dismissing Laufer's claims for lack of standing.

To that end, in *Laxmi*, relying on the Northern District of New York's holding in *Laufer v. Dove Hess Holdings, LLC*, No. 20-CV-379, the Court dismissed a total of 20 cases brought by Laufer in which she made substantially similar allegations to those asserted in this action. *See Laxmi* at Doc. No. 20. In holding that Laufer lacks standing, and that any proposed amendments to her complaint would be futile, the Court observed, "each complaint is customized to allege Plaintiff's desire to ***visit attractions near each particular defendant's hotel***." The Court held that these allegations were insufficient, writing, "in each of these cases, Plaintiff's motion to amend her complaint is denied as futile and her operative complaint is dismissed for lack of standing." In short, Courts are acknowledging the undeniable fact: Laufer's allegations fail to establish standing, and she should not be permitted to bring the instant case against Surf.

Here, Plaintiff's Complaint suffers from the same deficiencies as identified in *Laxmi* and *Dove Hess*. Specifically, Plaintiff makes no allegation that she actually plans to visit the property at issue, and her complaint fails to adequate allege standing. Accordingly, for the reasons set forth herein and in Surf's motion to dismiss, Laufer's complaint should be dismissed in its entirety for lack of standing.[1]

2. Plaintiff's Case Law is Inapposite

In her opposition, Plaintiff devotes substantial attention to the issue of "statutory construction" in support of her assertion that the absence of a "bona fide requirement" does not preclude a finding of standing in this action. *See* Pl.'s Opp'n at 4-13. According to Laufer, the use of "a commercial website is a 'service' of a place of public accommodation." *Id.* at 7. However, contrary to Laufer's assertions, and in contrast to the case law upon which she relies, Laufer has not been deprived of any actual benefit based on her allegations in the complaint. To that end, in each of the relevant cases she cites, the plaintiff actually had concrete plans and or intentions to use the service at issue. Here, Laufer fails to allege any facts suggesting that she actually planned to visit the Willows Hotel, and her allegations regarding the booking website for the hotel are insufficient to confer standing.

By way of example, Laufer cites to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013) in support of her assertion that she need not actually intend to visit the property to have standing and that "a plaintiff's motive and intent are entirely irrelevant and that there is no requirement that they be a client or customer or a bona fide customer." *See* Pl.'s Opp'n at 5. However, *Marod* is readily distinguishable, as the plaintiff in that case ***actually was*** a past customer and had intention to visit the grocery store at issue in the future. *See* 733 F.3d at 1326.

---

[1] Surf acknowledges that, while the Court in *Waterfront* denied the defendant's motion to dismiss, it respectfully posits that such a decision was in error.

3

In contrast, Laufer does not allege that she has any intention of visiting the premises or availing herself of the benefits or accommodations offered by the Willows Hotel. While the *Marod* plaintiff was, like Laufer, a "tester," it is undisputed that the plaintiff in *Marod* actually visited the premises at issue, which was sufficient to confer standing. Laufer cannot say the same in this action, and her allegations are insufficient to support an inference that she has standing to pursue her claims.

Plaintiff further cites *PGA Tour v. Martin*, 532 U.S. 661 and *Havens Realty Corp. v. Coleman*, 455 U.S. 363 in support of her assertion that a plaintiff need not actually be a customer of the relevant public accommodation in order to have standing. *See* Pl.'s Opp' at 8-10. However, in *Martin*, the plaintiff was a professional golfer who sought reasonable accommodations on a course at which he actually intended to play. 532 U.S. at 668-70. Thus, there is no question that the plaintiff there alleged a more concrete and identifiable than Laufer is able to allege in this action. Likewise, *Havens Realty* involved a situation in which a tester plaintiff – an African American potential renter – alleged that she was not shown the same properties that white testers were shown.[2] While the plaintiff in *Havens Realty* may not have actually intended to rent an apartment, she did employ the services and was subjected to discriminatory conduct. Thus, her nexus to the alleged harm was again undoubtedly more substantial and concrete to that which Laufer alleges in this action.

In contrast to the cases that Laufer cites, Laufer is unable to allege that she intends to visit the property in question in this action, and her allegations are insufficient to state a claim. Put simply, Laufer's use of a hotel's (or third party's) website for a hotel that she has no plan or intention to ever visit cannot be compared to a grocery store that the plaintiff in *Marod* had actually visited in the past and actually intended to visit in the future, or a golf course at which a professional golfer actually intended to play as in *PGA Tour*, or an apartment service that the

---

[2] *Havens Realty* involved allegations arising under the Fair Housing Act, not the ADA.

4

plaintiff actually used in *Havens Realty*. Laufer makes no allegation that she intends to stay at the Willows Hotel, and her complaint should be dismissed for lack of standing.[3] The fact of the matter is, Laufer had no intention to visit or stay at the Willows Hotel, and any visit to its website, or any other website hosting information concerning the Willows Hotel, is insufficient to confer standing in this action. Accordingly, the Court should dismiss Laufer's Complaint.

2. **Status of Appellate Court Cases**

At the December 15, 2020 status conference, the Court requested additional information concerning pending appellate matters filed by Laufer. While Plaintiff is best situated to provide this information at the March 4, 2020 status conference, Surf notes that, based on a review of PACER, it appears that there are presently five appellate actions pending across the country in cases filed by Laufer: (1) *Laufer v. Ft. Mede Hospitality LLC*, filed in the Fourth Circuit on December 17, 2020; (2) *Laufer v. Naranda Hotels, LLC*, filed in the Fourth Circuit on December 17, 2020; (3) *Laufer v. Mann Hospitality*, filed in the Fifth Circuit on October 8, 2020; (4) *Laufer v. Galtesvar OM*, filed in the Fifth Circuit on December 17, 2020; and (5) *Laufer v. Arapan LLC*, filed in the Eleventh Circuit on December 30, 2020. In each case, Ms. Laufer is the appellant, but there does not appear to be any action taken with respect to a decision on appeal, as each case appears to be in its early stages. Thus, there does not appear to currently be any appellate guidance on the issues directly at hand in this action, save for the fact that at least five other federal district courts have ruled against Laufer and she has appealed.

---

[3] In an apparent last ditch effort, Plaintiff cites a number of cases in support of an apparent argument that "viewing a discriminatory commercial website constitutes injury-in-fact in the context of a vision impairment based claims." Pl.'s Opp'n at 4. Plaintiff is not asserting a vision impairment-based claims, and her assertion that websites that fail to accommodate such individuals is entirely misplaced.

### 3. There is Presently No Need for Discovery

Finally, at the December 15, 2020 conference with the Court, the Court inquired as to whether limited discovery would be useful at this juncture. While Surf does not believe that *any* discovery is required or appropriate at this point, and that the Complaint should be dismissed based upon the deficient allegations alone, should the Court be inclined to allow for limited discovery, Surf would request that it be extremely limited in nature, and address the inevitable fact that Laufer does not actually have any true intention of visiting and/or staying at the hotel in question.

### CONCLUSION

For the reasons set forth herein, as well as those set forth in Defendant's Memorandum of Law In Support of Its Motion to Dismiss, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety and for such other relief that the Court deems just and fair.

Dated: January 8, 2021     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Kenneth D. Walsh*
One of Its Attorneys

Stephen L. Sitley
Kenneth D. Walsh
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.463.3496
F: 312.345.1778
Stephen.Sitley@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com

*Attorneys for Defendant*