UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Deborah Laufer, | |
| Plaintiff, | No. 20 C 5364 |
| v. | Judge Thomas M. Durkin |
| Surf Hotel Investments, L.L.C., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Deborah Laufer alleges that Surf Hotel Investments LLC violates the Americans with Disabilities Act ("ADA") because its online reservation system fails to allow for booking of accessible hotel rooms and to provide sufficient information concerning the hotel's accessibility. Surf has moved to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). R. 9. The motion is denied.

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim over which the Court lacks subject matter jurisdiction "at any time." *See* Fed. R. Civ. P. 12(h)(3). "Facial challenges [to subject matter jurisdiction] require only that the Court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (emphasis in original); *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we

presume that general allegations embrace those specific facts that are necessary to support a claim."). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013).

## Background

Laufer relies on a wheelchair for mobility and is vision impaired. In the complaint, she identifies herself as a disability "tester" for the purpose of monitoring ADA compliance. She alleges that she visited Surf's website several times and that it does not identify or allow for booking of accessible rooms and provides insufficient information about accessibility at its hotel.

Laufer alleges that she intends to revisit Surf's website to test for compliance. She does not allege whether she intended to book a room at and visit Surf's hotel.

## Analysis

To have standing to bring a claim, the plaintiff must allege facts that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 1547 (2016)). "An injury in fact is an 'invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (quoting *Spokeo*, 136 S. Ct. at 1548).

Title III of the ADA protects people from discrimination "on the basis of disability in the full and equal enjoyment of the . . . services . . . or accommodations of any place of public accommodation by any person who owns . . . or operates a place

of public accommodation." 42 U.S.C. § 12182(a). The ADA's implementing regulations require hotel booking websites to provide reservations for "accessible guest rooms" and to "identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(i)-(ii).

Laufer alleges that Surf's online booking websites fail to provide the required information. She alleges she has visited these websites and was denied the information required by the ADA. She also alleges that she intends to visit these websites again to check for ADA compliance. *See* R. 1 at 6 (¶ 11).

Surf argues that these actions and intentions are not enough to establish an injury-in-fact and standing. Surf contends that in order to have standing, Laufer must allege that she has "visited Illinois [and Surf's hotel], [and] that she . . . inten[ds] to do so in the future." R. 9 at 9.[1]

---

[1] Surf does not argue that Laufer lacks standing because she is concededly a "tester," and not a bona fide customer. Although neither the Supreme Court nor the Seventh Circuit have ever held that "testers" have standing under the ADA, there is well established authority that testers have standing under other civil rights statutes similar to the ADA. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). And several circuit courts of appeal have extrapolated from this authority to find standing for testers under the ADA. *See Suarez-Torres v. Panaderia Y Reposteria Espana, Inc.*, 2021 WL 613201 (1st Cir. Feb. 17, 2021); *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752 (6th Cir. 2019); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205 (10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013).

Many district courts agree with Surf's argument here. *See* R. 9 and R. 19 (citing cases, including *Laufer v. Dove Hess Holdings, LLC*, 2020 WL 7974268, at *1 (N.D.N.Y. Nov. 18, 2020)). Those courts maintain that an informational injury—like the injury Laufer alleges here—is sufficient to establish standing only if the plaintiff has a purpose for the information, i.e., in this case, an intent to stay at Surf's hotel. But those decisions run counter to two well established principles: (1) tester plaintiffs do not have to be bona fide customers, meaning they do not have to have an intent to actually use the service in question, *see PGA Tour, Inc. v. Martin*, 532 U.S. 661, 679 (2001) ("Title III's broad general rule contains no express 'clients or customers' limitation, § 12182(a)[.]"); and (2) deprivation of statutorily required information alone is an injury-in-fact sufficient to establish standing, *see Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 835 (7th Cir. 2019) ("a plaintiff 'need not allege any additional harm beyond' his failure to receive information that the law renders subject to disclosure" (quoting *Spokeo*, 136 S. Ct. at 1549)). The fact that Laufer has never visited Surf's hotel is simply irrelevant to whether she had been injured by Surf's failure to ensure that its websites provide the information the ADA requires.

Laufer alleges that she visited Surf's websites, tried to book an accessible room, and was not able to do that. Those allegations plausibly state a violation of the ADA and standing for an informational injury. A court in this district recently reached a similar conclusion, joining a number of other district courts. *See Laufer v. U.L.S.T., LLC*, 2020 WL 6487199, at *4 (N.D. Ill. Nov. 4, 2020); *see also Kennedy v. Nisha, Inc.*, 2020 WL 5569509 (M.D. Fla. Sept. 17, 2020); *Parks v. Richard*, 2020 WL 2523541

4

Case: 1:20-cv-05364 Document #: 29 Filed: 03/03/21 Page 5 of 5 PageID #:120

5

(M.D. Fla. May 18, 2020); *Poschmann v. Fountain TN, LLC*, 2019 WL 4540438 (M.D. Fla. Sept. 19, 2019). This Court joins them.

## Conclusion

Therefore, Surf's motion [9] is denied.

ENTERED:

_____
Thomas M. Durkin
United States District Judge

Date: March 3, 2021